

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed January 14, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | Case No. 09-20232-RLJ-11 |
| | § | |
| | § | |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| WALTER O'CHESKEY, Chapter 11 Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 10-02016 |
| | § | |
| ROBERT L. TEMPLETON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the motion of the defendant, Robert L. Templeton, seeking dismissal

of the plaintiff's complaint pursuant to Rule 12(b)(6) and 9(b). The plaintiff, Walter O'Cheskey,

Chapter 11 Trustee, filed his response to the motion. Upon careful consideration of the motion

and the response (and Templeton's reply), as well as the complaint giving rise to this action, the

proof of claim of Robert L. Templeton filed in the bankruptcy case, and the briefs filed in support

of the respective positions of the parties, the Court is of the opinion that the relief requested

should be denied.[1]  It is, therefore,

ORDERED that the relief requested by Templeton's motion is denied.

### End of Order ###

---

[1]Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  (Federal Rule of Civil Procedure 12 is incorporated by Bankruptcy Rule 7012. *See* Fed. R. Bankr. P. 7012). A proper interpretation of Rule 12(b)(6), however, requires a court read it in conjunction with the rule governing general pleading in federal court, Rule 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007).  Rule 8(a)(2) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *id.* at 555.  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than unadorned accusations. *Ashcroft v. Iqbal,* __U.S.__, 129 S. Ct. 1937, 1949 (2009). It has been long understood that "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

    In assessing a complaint, the court "must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Avondale Shipyards,* 677 F.2d at 1050.  But a court must not strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).  Instead, the court must be satisfied the factual allegations of a complaint state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1940. A complaint states a "plausible claim for relief" when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. *Id.* at 1949.  In other words, the plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.