IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT TEMPLETON AND DAVID MILLER, | § § § § | |
| *Appellants,* | § § | |
| v. | § § | Case No. _____ |
| WALTER O'CHESKEY, as Chapter 11 Trustee, | § § § § | |
| *Appellee.* | § § | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| AMERICAN HOUSING FOUNDATION, INC., | § § § | CASE NO. 09-20232-11<br>CHAPTER 11 |
| *Debtor,* | § | |
| WALTER O'CHESKEY, as Chapter 11 Trustee,<br>*Plaintiff and Counter-Defendant,* | § § § | Adversary No.10-02016-rlj |
| v. | § § | |
| ROBERT TEMPLETON,<br>*Defendant and Counter Plaintiff.* | § § | (Consolidated with) |
| WALTER O'CHESKEY, as Chapter 11 Trustee,<br>*Plaintiff and Counter-Defendant,* | § § § | |
| v. | § § | Adversary No. 10-02017-rlj |
| DAVID MILLER,<br>*Defendant and Counter Plaintiff.* | § § § § | Response Deadline:<br>June 30, 2011 |

**APPELLANTS' MOTION FOR LEAVE TO APPEAL FROM INTERLOCUTORY
ORDER AND SUPPORTING BRIEF
(Related to Docket # 80, Cause No. 10-02016-rlj)**

## TABLE OF CONTENTS

*Page(s)*

TABLE OF AUTHORITIES ................................................................................. iv

I.    BACKGROUND ........................................................................................ 1

II.    STATEMENT OF FACTS NECESSARY TO QUESTIONS PRESENTED BY APPEAL ............................................................................................ 4

III.    QUESTIONS FOR REVIEW AND REQUESTED RELIEF ..................... 6

IV.    ARGUMENT AND SUPPORTING AUTHORITIES

    A.    Standard of Review ........................................................................ 7

    B.    Controlling Issues of Law ............................................................... 8

    C.    Substantial Grounds for Difference of Opinion ............................. 9

    D.    Materially Advance the Ultimate Termination of the Litigation ..... 10

V.    CONCLUSION ....................................................................................... 12

CERTIFICATE OF CONFERENCE ................................................................... 13

CERTIFICATE OF SERVICE ............................................................................. 13

APPENDIX ........... *See Separate Appendix Volume Filed Contemporaneously herewith*

| Tab | Document Description | Docket No. | Bates |
|---|---|---|---|
| 1 | Order filed June 7, 2011 | 80 | App 1-4 |
| 2 | Trustee's First Amended Complaint in Case No. 10-02016 *Walter O'Cheskey v. Robert Templeton* | 52 | App 5-36 |
| 3 | Trustee's Second Amended Complaint in Case No. 10-02017 *Walter O'Cheskey v. David Miller* | 70 | App 37-60 |
| 4 | Motion for Protective Order of Robert L. Templeton and David Miller (w/o exhibits) | 59 | App 61-77 |
| 5 | Trustee's Motion to Compel Production by Robert L. Templeton and David L. Miller (w/o exhibits) | 61 | App 78-86 |
| 6 | Defendants' Response to Trustee's Motion to Compel and Supplement to Motion for Protective Order – Lack of Subject Matter Jurisdiction (w/o exhibits) | 66 | App 87-98 |

| 7 | Trustee's Reply in Support of Motion to Compel Production by Robert L. Templeton and David Miller | 72 | App 99-108 |
|---|---|---|---|
| 8 | Defendants' Motion to Dismiss and For Judgment on the Pleadings of Certain Objections and Claims for Lack of Subject Matter Jurisdiction | 75 | App 109-124 |
| 9 | Defendant's Sur-Reply to Trustee's Reply in Support of His Motion to Compel | 77 | App 125-141 |
| 10 | Adversary Case No. 11-02126; *Walter O'Cheskey, Trustee v. Carson Burgess, et al* | 2701 | App 142-166 |
| 11 | Adversary Case No. 11-02127; *Walter O'Cheskey, Trustee v. Campbell Burgess, et al* | 2702 | App 167-194 |
| 12 | Adversary Case No. 11-02128; *Walter O'Cheskey, Trustee v. Herring Financial Services, et al* | 2703 | App 195-223 |
| 13 | Adversary Case No. 11-02131; *Walter O'Cheskey, Trustee v. William Scott and William Scott IRA* | 2706 | App 224-239 |
| 14 | Adversary Case No. 11-02132; *Walter O'Cheskey, Trustee v. Rainier American Investors I, LLC, et al* | 2708 | App 240-264 |
| 15 | Adversary Case No. 11-02133; *Walter O'Cheskey, Trustee v. Don Storseth, Individually and as Trustee of the Storseth Family Trust, et al.* | 2709 | App 265-299 |
| 16 | May 27, 2011 Cost/Benefit Analysis Letter from Steve McCartin to Hon. Robert L. Jones | 2713 | App 300-312 |
| 17 | June 2, 2011 letter from David R. Langston, attorney for the AHF Oversight Committee to Honorable Robert L. Jones | 2714 | App 313-350 |

## TABLE OF AUTHORITIES

*Pages(s)*

**STATUTES**

Fed. R. Civ. P. 12(h)(3) ................................................................................................ 7

28 U.S.C. § 158(a)(3) .................................................................................................. 7

28 U.S.C. § 1292(b) .................................................................................................... 8

**FEDERAL CASES**

*In re Ichinose,*
    946 F.2d 1169 (5th Cir. 1991) ............................................................................ 7, 10

*In re IFS Financial Corp,*
    417 B.R. 419 (Bankr. S.D. Tex. 2009) ................................................................. 9-10

*In re Pac. Forest Prods.,*
    335 B.R. 910 (S.D. Fla. 2005)
    (citing *Auto Dealer Servs.,* 81 B.R. at 96) ............................................. 8, 9, 10

*In re Prescription Home Health Care, Inc.,*
    316 F.3d 542 (5th Cir. 2002) ............................................................................... 5, 9

*In re SI Restructuring, Inc.,*
    532 F.3d 355 (5th Cir. 2008) ................................................................................... 9

*In re Shepps Food Stores, Inc.,*
    148 B.R. 27 (Bankr. S.D. Tex. 1992)
    (quoting 28 U.S.C. § 1292(b)) .............................................................................. 8

*In re Statmaster Corp.,*
    465 F.2d 978 (5th Cir. 1972) ............................................................................... 5, 9

*In re Tiger Petroleum Co.,*
    319 B.R.225 (Bankr. N.D. Okla. 2004) .................................................................. 10

*Saddlecreek Energy Dev. v. Eagle Domestic Drilling Operations,*
    2007 U.S. Dist. LEXIS 42492, at *8 (S.D. Tex. June 12, 2007)
    (quoting *In re MCorp Fin. Inc.,* 139 B.R. 820 (S.D. Tex. 1992)) ...................... 8

*Stumph v. McGee (In re O'Conner),*
    258 F.3d 392, (5th Cir. 2001). ............................................................................... 7

Robert Templeton and David Miller, Defendants and Appellants, move the Court for leave to appeal the Bankruptcy Court's Order signed and entered on June 7, 2011 (Docket #80) (the "Order") pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8001(b). A copy of the Order is contained in a separate appendix filed contemporaneously herewith. (App. 1).

Under N.D. Tex. L.R. 5.1(c), Templeton and Miller include their supporting brief with this motion and show the following:

**I.**

**BACKGROUND**

Appellants are unsecured creditors. The debts owed to Appellants by the debtor, American Housing Foundation ("AHF") are based upon loans and other financial obligations made and incurred by entities created and controlled by AHF and guaranteed by AHF. Subsequent to AHF's bankruptcy, it has been discovered that AHF diverted the Appellants' funds from the represented purposes and entities to the use and benefit of AHF.

On August 31, 2010, the Chapter 11 Trustee filed adversary no. 10-02016 against Robert L. Templeton and adversary no. 10-02017 against David Miller. These two adversary proceedings were eventually consolidated. (Docket #35). Both adversary proceedings allege fraudulent obligations and transfers, requesting disallowance, mandatory subordination and equitable subordination of the Appellants' claims. Significantly, the crux of the Trustee's objections and causes of action centers around allegations that Appellants' claims arose from tax schemes involving AHF affiliates, and that the Appellants "knew or should have known this scheme and

1

resulting tax deductions were illegitimate and improper." The Trustee contends that the Appellants improperly reported certain tax treatment on their respective returns and/or obtained improper tax benefits from the transactions with AHF's affiliates. (*See*, App. 2 (Amended Complaint against Templeton) and App. 3 (Second Amended Complaint Against Miller)).

The objections and causes of action asserted by the Trustee against Appellants are mostly premised upon allegations that the obligations to Appellants incurred by AHF were part of "abusive tax shelter" and "illegitimate tax scheme" transactions. Based upon these allegations that Appellants received and took "illegitimate tax deductions" for the transactions that AHF guaranteed, the Trustee has sought production of Appellants' personal tax returns and related information, and sought to depose Appellants concerning their personal tax information.

Pursuant to Rules 12(b)(1) and 12(c), Appellants challenged the bankruptcy court's jurisdiction to hear and decide the Trustee's claims that are premised on proving that the transactions that Appellants had with non-debtor entities controlled by AHF were "abusive tax shelters" or "illegitimate tax schemes," and that Appellants engaged in illegal or improper tax reporting and/or took improper or illegal tax deductions. (*See* App. 8). Appellants further asserted that, lacking jurisdiction to hear and decide federal tax issues concerning Appellants and other non-debtors, the bankruptcy court had no jurisdiction to compel Appellants to produce personal tax returns and related documents or give depositions concerning their personal tax information, and that such tax information was not relevant to the validity and enforceability of AHF's debts to Appellants. (App. 6, 9). Appellants also challenged the Trustee's right to discovery of

2

Appellants' personal tax information because there was no nexus between the alleged improper, illegal and/or inequitable conduct of Appellants (i.e., participating in "abusive tax shelters" or "illegitimate tax schemes" or taking illegal deductions) and any harm to creditors or the debtor. (App. 4). Specifically, the following motions and responses were filed addressing these issues:

- Motion for Protective Order of Robert L. Templeton and David Miller (Docket #59 – App. 4)

- Trustee's Motion to Compel Production by Robert L. Templeton and David Miller (Docket #61 – App. 5)

- Appellants' Response to Trustee's Motion to Compel and Supplement to Motion for Protective Order – Lack of Subject Matter Jurisdiction (Docket #66 and 67 – *See* App. 6)

- Trustee's Reply in Support of Motion to Compel Production by Robert L. Templeton and David Miller (Docket #72 – App. 7)

- Appellants' Motion to Dismiss and For Judgment on the Pleadings of Certain Objections and Claims for Lack of Subject Matter Jurisdiction (Docket #75 – App. 8)

- Appellants' Sur-Reply to Trustee's Reply in Support of His Motion to Compel (Docket #77 – App. 9)

On May 24, 2011, the bankruptcy court heard those motions, and on June 7, 2011, signed and entered an Order (Docket # 80 – App. 1) (the "Order") ruling that it had jurisdiction to hear and decide the claims and objections of the Trustee that are based on the alleged impropriety of Appellants' tax reporting and payment, and ordering Appellants to produce their personal tax returns and answer questions concerning their tax issues.

Appellants file this motion seeking leave to appeal the bankruptcy court's June 7, 2011 Order.

Appellants have contemporaneously moved for certification of an appeal from the Order directly to the Fifth Circuit pursuant to 28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8001(f).

Appellants have asked counsel for the Trustee if they will agree to this Motion for Leave to Appeal and to Appellants' Request for Certification of Appeal to the Fifth Circuit. Trustee's counsel has stated that they are opposed.

## II.

## STATEMENT OF FACTS NECESSARY TO QUESTIONS PRESENTED BY APPEAL

The Appellants are unsecured creditors who have filed proofs of claim in this case, to which the Trustee has objected. The Trustee's amended complaints in the Templeton adversary (App. 2) and the Miller adversary (App. 3) contain tax treatment allegations concerning transactions between Appellants and various non-debtor partnerships, K-1's purportedly issued by the various partnerships to the Appellants, and the execution of non-recourse notes by the Appellants allegedly to eliminate negative capital accounts and/or avoid tax on phantom income.

The Trustee's complaints allege that the Appellants improperly reported certain tax treatment on their respective returns and/or obtained improper tax benefits from the transactions with AHF's affiliates that were guaranteed by AHF. To prevail on his claims, the Trustee must prove that Appellants violated or sought to violate federal tax law in connection with their own tax returns.

The Trustee's objections and causes of action in this consolidated adversary proceeding allege fraudulent obligations and transfers, and request denial, mandatory subordination, or equitable subordination of the Appellants' proofs of claim. The

Trustee also requests that any award of equitable relief to the Appellants be conditioned upon a showing that the Appellants have "clean hands" and have not been involved in any "inequitable conduct," specifically, illegitimate tax reporting, participating in "abusive tax shelters", or taking illegitimate tax deductions. Also, the Trustee alleges that Defendants alleged illegal tax conduct, by itself, establishes intent to hinder, delay or defraud AHF and its creditors. The Trustee states that he is "asking the Court to determine whether, given the Appellants' unclean hands and inequitable conduct relating to abusive tax shelters, they ought to be denied their bankruptcy claim." (*See* App. 7, p. 101).

The bankruptcy court lacks the jurisdiction to hear and decide the legality, legitimacy, and propriety, from a tax standpoint, of the transactions in question, the deductions taken or made available to Appellants, and the reporting thereof. *See In re Prescription Home Health Care, Inc.*, 316 F.3d 542 (5th Cir. 2002); *In re Statmaster Corp.*, 465 F.2d 978 (5th Cir. 1972). In fact, the IRS, which *does* have that jurisdiction, is currently conducting audits of the very entities and transactions which are the basis of the Trustee's objections and causes of action against Appellants.

Potential tax liability of the debtor, AHF, a non-profit entity, is not in question. The legality, legitimacy, and propriety of tax deductions and reporting made the basis of the Trustee's objections and causes of action address only non-debtors. The Trustee has alleged no harm to AHF or its other creditors resulting from the allegedly wrongful tax conduct other than that the allowance of Appellants' claims would dilute the dividend payments upon distribution of the estate.

In the Order that is the subject of this Motion (App. 1), the bankruptcy court held that it had jurisdiction to hear and determine the Trustee's allegations that Appellants participated in "abusive tax shelters" and "illegitimate tax schemes" and took illegal or illegitimate tax deductions. Based upon its tax-related allegations, the Trustee has sought, and the bankruptcy court has ordered that Appellants must produce and disclose to Trustee their personal tax returns and related tax information. Recognizing the limits of its jurisdiction does not extend to determinations of a creditor's tax liabilities, the court simply asserts that it is not being asked to determine Defendants' tax liabilities. It is clear from the Trustee's pleadings, however, that the court *must* determine Defendants' tax liabilities – the legality of the transactions, deductions, and reporting for Federal tax purposes.

The Trustee's tax-based objections and causes of action are novel. No party has cited any appellate opinion with similar facts and legal issues. The Trustee has brought several other adversary proceedings in this bankruptcy case with similar tax-based allegations against other creditors. (*See* App. Exs. 10-15). The issues of jurisdiction and relevancy of each creditors' tax treatment of the AHF-guaranteed transactions will come up again and again in this bankruptcy case.

### III.

### QUESTIONS FOR REVIEW AND REQUESTED RELIEF

The questions for which Appellants seek review are:

    1.    Does the bankruptcy court have subject matter jurisdiction to hear and decide the Trustee's objections and causes of action against Appellants that are premised on the legality, legitimacy, or propriety of federal tax deductions or tax reporting by Appellants and the non-debtor entities?

6

      2.    Lacking jurisdiction to determine the legality, legitimacy, or propriety of the guaranteed transactions, from a taxation standpoint, did the bankruptcy court abuse its discretion to deny Appellants' motion for protection and compel them to produce and be deposed concerning personal tax returns and related tax information?

      3.    Lacking any showing of harm to AHF or its other creditors from the Appellants' tax treatment or reporting of the guaranteed transactions, did the bankruptcy court abuse its discretion to deny Appellants' motion for protection and compel them to produce and be deposed concerning personal tax returns and related tax information?

      4.    Lacking any relevance of the Appellants' tax treatment or reporting of the guaranteed transactions to the validity of Appellants' proofs of claim against AHF, did the bankruptcy court abuse its discretion to deny Appellants' motion for protection and compel them to produce and be deposed concerning personal tax returns and related tax information?

The relief sought by Appellants from the requested appeal is dismissal of Trustee's objections and causes of action which are premised upon the legality, legitimacy, or propriety, from a taxation standpoint, of the transactions which form the basis of Appellants' proofs of claim. *See* Fed. R. Civ. P. 12(h)(3). Appellants also seek relief from the bankruptcy court's order compelling production and disclosure of personal tax returns and related information.

## IV.

## ARGUMENT AND SUPPORTING AUTHORITIES

### A.   Standard of Review

District courts have discretion to grant leave to appeal interlocutory orders of bankruptcy courts. *See* 28 U.S.C. § 158(a)(3); *Stumph v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir. 2001). The Fifth Circuit has not adopted criteria for district courts to use in determining whether to grant leave to appeal an interlocutory order of a bankruptcy court under 28 U.S.C. §158(a)(3). *See In re Ichinose*, 946 F.2d 1169, 1177

(5th Cir. 1991). The Fifth Circuit recognized that district courts commonly use the standard applied under 28 U.S.C. §1292(b) for interlocutory appeals and provided the following direction:

> Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court should use in determining whether to grant leave to appeal. Nonetheless the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.

*Id.* District Courts within the Fifth Circuit use the above three elements as guiding factors in determining whether to grant leave to appeal. *See Saddlecreek Energy Dev. v. Eagle Domestic Drilling Operations,* 2007 U.S. Dist. LEXIS 42492, at *8 (S.D. Tex. June 12, 2007) (quoting *In re MCorp Fin. Inc.,* 139 B.R. 820, 823 (S.D. Tex. 1992)).

**B.      Controlling Issues of Law**

A court may grant leave to appeal when "a controlling question of law as to which there is substantial ground for difference of opinion" exists. *See In Re Shepps Food Stores, Inc.,* 148 B.R. 27, 29 (Bankr. S.D. Tex. 1992) (quoting 28 U.S.C. § 1292(b)). "[A] question is controlling not because it determines the case at issue, but it must also dispose of a wide spectrum of cases." *In re Pac. Forest Prods.,* 335 B.R. 910, 919 (S.D. Fla. 2005) (citing *Auto Dealer Servs.,* 81 B.R. at 96).

The issues to be the subject of this appeal are controlling issues of law – the jurisdiction of the bankruptcy court to hear and decide the Trustee's tax-based objections and causes of action against non-debtors, and whether the legality, legitimacy, or propriety, from a tax standpoint, of a creditor's tax treatment and reporting

8

bear any relevance to the validity of the debtor's obligation to that creditor. These identical issues will arise in many of the other adversary proceedings brought by this Trustee in this case. (*See* Appendix Exs. 10-15). Seeing what the Trustee is alleging in this case, there is no doubt that trustees, creditors, and debtors in other bankruptcy cases will make similar allegations. There is no appellate opinion to guide the bankruptcy court and other courts in addressing such attempts to use a non-debtors' tax reporting to defeat his proof of claim.

### C.   Substantial Grounds for a Difference of Opinion

To satisfy this element, "a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently." *See Pac. Forest Prods.*, 335 B.R. at 922. The bankruptcy court found that it has jurisdiction to decide whether the Appellants' claims should be allowed, which, under the Trustee's pleadings, requires a determination of the legality, legitimacy, and propriety of tax reporting and treatment by non-debtors. Yet, the Fifth Circuit has ruled on multiple occasions that a bankruptcy court lacks such jurisdiction. *See e.g., In re Prescription Home Health Care, Inc.*, 316 F.3d 542 (5th Cir. 2002); *In re Statmaster Corp.*, 465 F.2d 978 (5th Cir. 1972). The bankruptcy court has ruled that how Appellants reported or treated their transactions with the non-debtor affiliates makes Appellants' personal tax returns and related information potentially relevant and discoverable. Yet, other courts have recognized that absent harm[1] to AHF or its creditors from the complained-of conduct, a creditor's tax treatment of the transaction would not be relevant. *See e.g., In re IFS Financial*

---

[1]   The only "harm" to AHF or the other creditors asserted by the Trustee is that allowance of Defendants' claims would dilute the Trustee's distribution of the estate to other creditors. Dilution of distribution is not "harm" that will support disallowance. *See e.g., In re SI Restructuring, Inc.*, 532 F.3d 355 (5th Cir. 2008).

9

*Corp,* 417 B.R. 419 (Bankr. S.D. Tex. 2009), *See also, In re Tiger Petroleum Co.,* 319 B.R.225 (Bankr. N.D. Okla. 2004).

D.   **Materially Advance the Ultimate Termination of the Litigation**

Granting leave to appeal is appropriate where an immediate appeal of the interlocutory order would materially advance the ultimate termination of the litigation. *Ichinose,* 946 F.2d at 1177. This analysis requires the court to "evaluate the stage of litigation and weigh the disruptive effect of an immediate appeal on the Bankruptcy Court proceedings against the probability that resources will be wasted in allowing those proceedings to go forward." *Pac. Forest Prods.,* 335 B.R. at 924.

An appeal at this stage of the litigation would materially advance the termination of this and several other adversary proceedings. This particular adversary proceeding is still in its early stages.[2] The Trustee's initial discovery requests for personal tax returns and related information are what precipitated the motions which have resulted in the Order sought to be appealed. Only one of the remaining adversaries is set for trial, and that is in February 2012. The rest have only just now been filed.

Further, the IRS is currently auditing the entities and returns made the basis of the Trustee's allegations. It is not disputed that the IRS *does* have jurisdiction to determine the legitimacy of the tax reporting and deductions. So what happens if the bankruptcy court determines the tax treatment improper and rules based on that determination, only to later have the IRS and/or tax courts rule the tax treatment is

---

[2] Though filed in August 2010, these and the other adversaries did not become active until early this year, after a long and difficult plan confirmation. Along with the other adversaries that were on file at the time, the bankruptcy court abated these proceedings until January 1, 2011 when these two cases were consolidated and set for trial in June 2011. This consolidated adversary was scheduled to be the second of the many adversaries to be tried, with a trial date of June 9, 2011 (Docket #35). The first was tried in April 2011. The bankruptcy court, *sua sponte,* later vacated that trial setting and has only recently scheduled trial to be conducted in September and October of 2011. (Docket #81)

10

proper?

The probability is high that resources will be wasted in allowing this adversary to go forward. The enormous costs associated with the Trustee's adversary litigation has been addressed in detail by the Trustee's counsel and counsel for the Creditors' Oversight Committee. (*See* Docket # 2713 - App. 16, Docket # 2714 – App 17). The Trustee's own counsel has estimated future fees of approximately $1,700,000 just to litigate the adversary proceedings (App. 16 at 306). The Oversight Committee believes the Trustee's estimate to be "significantly lower than reality." (App. 17 at 317).

If there is no immediate appeal, then the parties will engage in several months of expensive litigation and trial. The tax issues for any given transaction are complex, and there are multiple transactions. There will be expensive experts. This case alone is set to be tried over a two-month period of time. (Docket #81) The Trustee has estimated that this case alone will cost the estate an additional $400,000 (App. 16 at 304).

Without an immediate interlocutory appeal, these same issues will then be raised in an appeal *after* all that time and expense to prepare and try to a final judgment. If the appellate court agrees with the Appellants, then all that time and money will have been wasted, to the detriment of everyone, especially the other creditors of the estate. On the other hand, obtaining an appellate ruling now will eliminate unnecessary litigation, expense, and repetition. Rather than delay, an appeal now will speed up final resolution. Rather than increase expense, an interlocutory appeal will save money.

Trustee's counsel has told the bankruptcy court on multiple occasions that the results of this proceeding will be important to set the stage for resolution of many of the other adversary proceedings. Appellants agree. But this proceeding will not be final

11

until the Fifth Circuit has determined the jurisdiction, relevance, and discovery issues which are the subject of this request. Absent an interlocutory appeal, that day is likely years away. A final appellate resolution of these questions now will materially advance the ultimate termination not only of this adversary proceeding, but the entire bankruptcy case.

## V.

## CONCLUSION

Appellants Templeton and Miller, based on the foregoing analysis that the elements for interlocutory review are present, and in line with the flexible standard for interlocutory review, respectfully request that the Court grant leave to appeal the Bankruptcy Court's June 7, 2011 Order.

Dated June 16, 2011.

>Respectfully submitted,
>
>LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
>Joe L. Lovell, SBN 12609100
>John H. Lovell, SBN 12609300
>Deborah D. Reeves, SBN 24006668
>112 West 8th Avenue, Suite 1000
>Amarillo, Texas  79101-2314
>Telephone:  (806) 373-1515
>Facsimile:  (806) 379-7176
>
>By: _____
>    Joe L. Lovell, SBN 12609100
>
>Attorneys for Robert Templeton and David Miller

## CERTIFICATE OF CONFERENCE

This is to certify that on the 14th day of June, 2011, I conferred with Barry Golden, counsel for Walter O'Cheskey, regarding this Motion. Trustee's counsel is opposed to this Motion.

_____
Joe L. Lovell

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered via ECF on this the ___16th___ day of June, 2011 to the following listed parties in interest:

Steve McCartin
Barry Golden
GARDERE, WYNNE, SEWELL, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201

Walter O'Cheskey
P.O. Box 64456
Lubbock, Texas 79464

Max Tarbox
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401

_____
Joe L. Lovell

13