Max R. Tarbox (TX 19639950)
max@tarboxlaw.com
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
smccartin@gardere.com
Barry M. Golden (TX 24002149)
bgolden@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone: 214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER O'CHESKEY, TRUSTEE OF THE AHF LIQUIDATING TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **American Housing Foundation,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | **Case No.:  09-20232-RLJ** |
| | § | |
| **Walter O'Cheskey, as Chapter 11 Trustee,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 10-02016-RLJ** |
| | § | |
| **Robert L. Templeton,** | § | |
| Defendant. | § | **(Consolidated with)** |
| | § | |
| **Walter O'Cheskey, as Chapter 11 Trustee,** | § | |
| | § | |
| Plaintiff, | § | **Adversary No. 10-02017-RLJ** |
| | § | |
| v. | § | |
| | § | |
| **David Miller,** | § | |
| Defendant. | § | |

**TRUSTEE'S MOTION TO ENFORCE COURT ORDERS AND RULINGS**

# I.
# EXECUTIVE SUMMARY

In order to avoid simple discovery and in a transparent attempt to delay trial, Bob Templeton is pulling out every trick in the state-court-litigator handbook. Regretfully, it appears more judicial involvement is required. Here is a summary of the delays in discovery caused by *previous* motions and delay tactics:

| | |
|---|---|
| 10/1/10 | Trustee sent Templeton a document production request; |
| | Defendants filed their first Motion to Dismiss arguing tax treatment legally irrelevant; |
| 1/14/11 | Court issued order denying first Motion to Dismiss; |
| 3/25/11 | Trustee re-requested the Templeton document production request and sent Miller a document production request; |
| 4/25/11 | Templeton and Miller document production came due; |
| 4/29/11 expired: | Deadline to disclose expert witnesses and to provide expert reports |
| | - Defendants disclosed tax expert<br>- Defendants did not provide an expert report |
| 4/29/11 | Defendants filed a Motion for Protective Order regarding tax returns and depositions regarding tax testimony; |
| 5/6/11 | Court held a hearing on Defendants Motion for Protective Order—continued to 5/24/11 due to Lovell Firm confusion; |
| 5/20/11 | Defendants filed a second Motion to Dismiss, now alleging no subject matter jurisdiction over tax issues; |
| 5/24/11 | Court held a second hearing on Defendants Motion for Protective Order and Motion to Dismiss; |
| 6/7/11 | Court issues order denying Motion for Protective Order and Motion to Dismiss; |

6/16/11    Defendants filed a Motion for authority to appeal the June 7 order and filed a Motion to Stay discovery and the trial pending the potential appeal of the interlocutory subject matter jurisdiction ruling;

6/23/11    Court held a third hearing and denied the Motion for Protective Order and Motion for Stay pending appeal (without prejudice to re-urging if District Court allows interlocutory appeal).

Here is a summary of the *current* delay tactics:

- **<u>Templeton has not lifted the discovery stay he previously granted himself</u>**. After enduring three separate hearings, this Court has twice ordered that the Defendants be deposed concerning tax treatments and produce tax returns and other tax-related documents. But that has not changed Templeton's position.

    - <u>Templeton has extended his prior stay of his deposition and is likely granting himself a possible abridgement</u>. Templeton still refuses to agree to provide a date for his deposition until and unless he receives what he deems to be sufficient depositions and document production from the Trustee. Furthermore, Templeton is strongly hinting that—if his deposition ever ***does*** go forward—that the deposition be abridged, since, according to Templeton, he has already been deposed on these same tax issues for two days (by another party prior to the appointment of the Trustee). This latter position is particularly interesting, since Templeton previously refused to produce tax returns and to sit for a deposition on the grounds that this information was very confidential.

    - <u>Templeton has granted himself a motion to revive the expired expert deadline so he can swap out tax experts, and he has now granted a stay of their depositions</u>. The deadline to designate experts expired in April.

When the Trustee asked to take the deposition of Templeton's tax expert, Templeton refused—claiming that he has now (two months after the expert deadline) suddenly changed his tax expert to a new and as-yet unidentified tax expert. Plus, Templeton will not provide a deposition date for any of his tax experts until and unless Templeton first receives sufficient depositions and document production from the Trustee.

- <u>Templeton has extended his stay on his document production</u>. Templeton still refuses to produce his tax returns until and unless he receives a brand-new confidentiality agreement (the agreed protective order the Court entered in November is apparently no longer satisfactory to Templeton)—and even then, Templeton will not produce the tax returns for two-and-a-half weeks at least.

- **<u>Templeton has granted himself a trial continuance</u>**. The Court re-scheduled the trial for September 14, 2011, and ordered the parties to submit a scheduling order "that conforms to the new trial setting." But Templeton now apparently has granted himself a one-month trial continuance, due to some ambiguously-asserted conflict, and he will only discuss a scheduling order using an October trial date.

- **<u>Templeton and Miller have granted themselves counsel-substitutions</u>**. The Lovell firm has represented Templeton and Miller since the August 2010 filings. But now, in a trick as old as any of the state-court-litigator tactics this Court has witnessed, and in an apparent attempt to delay discovery and the September trial date, the Lovell firm says that Miller is suddenly changing counsel, and the Lovell Firm therefore cannot respond to pre-trial discovery matters for Miller.

The Trustee regrets bothering the Court with matters that typically seem to be of the sort that the parties can easily resolve without judicial intervention. But here, that is apparently not the case. The Trustee strongly believes the Defendants must be specifically ordered to appear and be deposed and have their tax expert specifically ordered to appear and be deposed on dates certain. Otherwise, those depositions will never occur or will occur late enough to jeopardize the trial setting. The Trustee also strongly believes that the Defendants must be specifically ordered to produce their tax returns and tax-related documents without contingency and on a date certain. Otherwise, that production will never occur or will occur late enough to jeopardize the trial setting. Furthermore, in anticipation of Defendants' refusals to answer fully and cooperatively at depositions, the Trustee seeks permission to have disputes arising during the depositions be resolved by phone in order for the Trustee to obtain the simple discovery he is entitled to under the applicable rule. Finally, the Trustee asks that the Court enter his proposed scheduling order that conforms to the September 14, 2011 trial date.

## II.
## DISCUSSION

**A.**  **Summary of the Discovery at Issue.**

The Trustee is seeking the most basic of discovery—party depositions, expert depositions, and tax returns and tax-related documents. Below are a few of the details.

1. <u>Party depositions</u>.

Beginning in April, the Trustee requested from defense counsel dates to take the depositions of Templeton and Miller. [Exhibits A.] In an effort to avoid even more senseless motion practice or to show up to a deposition and find no deponent there, the Trustee prefers not to issue deposition notices without first reaching an agreement on dates.

2. <u>Deposition of Defendants' designated tax expert</u>.

On March 31, 2011, the Court issued an *Agreed Amended Scheduling Order* (the "Agreed Order"). [Docket No. 49.] Under the Agreed Order, and by agreement of the parties, the deadline to disclose expert witnesses and provide their reports expired on April 29, 2011. [Exhibit B.] On that final day, the Defendants disclosed their experts, including a tax expert Eric Nemeth, but failed to provide reports. [Exhibit C.] And although the Trustee believes that the failure to provide the reports is grounds for the Court striking the experts, the Trustee—erring on the side of caution—has requested to take the deposition of the Mr. Nemeth. [Exhibit D.]

3. <u>Tax returns and other tax documents</u>.

On October 1, 2010, the Trustee served Templeton with document requests asking for, among other things, tax returns and other tax-related documents. [Exhibit E.] On March 25, 2011, the Trustee made similar requests to Miller. [Exhibit F.] Under Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Bankruptcy Rules of Procedure, production of documents responsive to these requests is long overdue.[1]

---

[1] On March 25, 2011, the Trustee followed up on the Templeton Requests with an e-mail stating, in relevant part:

> I am writing with respect to the *Trustee's First Request for Production of Documents to Robert L. Templeton*, which we served on you on October 1, 2010 (a copy of which is, for your convenience, attached hereto) (the "First Requests"). Although we originally served the First Requests with respect to the estimation proceedings, we understand that the First Requests are still to be considered live discovery with respect to merits discovery (*i.e.*, they need not be "re-served"). Please let me know if you disagree with this position (and if you do—which I doubt—I suppose that I would expect that you would deem this e-mail as service anyway).

[Exhibit C]. Under Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Bankruptcy Rules of Procedure (and triggering either off the October 2010 service or the March 2011 re-service), production of documents responsive to the Templeton Requests is long overdue.

B.   **Earlier Plays from the State Court Litigation Handbook.**

   1.   The Defendants' refusal to provide discovery.

On April 29, 2011, the Defendants moved for a protective order to block the production of the party depositions, the tax-expert deposition, and the production of the tax-related documents. [Docket No. 59.] The Trustee moved to compel the same discovery. [Docket No. 61.]

   2.   Hearing Number 1.

At a hearing on May 6, 2011, the Trustee appeared in Lubbock for the hearing and announced that he was ready to proceed. The Defendants, however, announced that their counsel just returned from vacation and did not know about the hearing until that morning.[2] Defendants further announced that they were not ready to proceed because, in order to argue the discovery motions, they would need to call live witnesses who were not present. The Court graciously granted Defendants' request and continued the hearing until later in May. [Docket Nos. 68 and 74.]

   3.   The Defendants' flurry of filings before the second hearing.

The Trustee soon learned why the Defendants requested not to proceed at the May 6 hearing. Indeed, in the eleven business days between the May 6 and May 24 hearings,

---

[2] One might wonder how it is that defense counsel could not have known about the hearing setting when:

- The Court issued an ECF notice that set the hearing on the motion to compel for May 6, 2011, [Docket No. 63];

- ***Defendants*** (not the Trustee) moved the Court to reset Defendants' motion for protection from June 9, 2011 to for May 6, 2011 [Docket No. 64]; and

- The Court issued an ECF notice that granted ***Templeton's*** request and reset the hearing on his motion for protection from June 9, 2011 to May 6, 2011. [Docket No. 65.]

Defendants made filing after filing after filing—all in an apparent effort to thwart discovery. For example, the Defendants filed:

- An unauthorized "supplemental" brief in support of their motion for protection [Docket No. 73];[3]

- An unauthorized "sur-reply" brief in opposition to the Trustee's motion to compel [Docket No. 77];[4] and

- A motion to dismiss for lack of subject matter jurisdiction. [Docket No. 75].

4. <u>Hearing Number 2</u>.

On May 24, 2011, the Court held a hearing on the discovery motions (which were previously set for hearing on May 6) and on the motion to dismiss (which was filed between the May 6 and 24 hearings). On June 7, 2011, the Court denied the Defendants' motion for protection, granted the Trustee's motion to compel, and denied the Defendants' motion to dismiss [Docket No. 80].

5. *Bartleby, the Scrivener*.

After the Court issued its June 7 Order (requiring Defendants to provide the requested documents, deposition dates for Defendants, and deposition dates for Defendants' expert), Defendants, chose not to comply. Indeed, in response to the discovery Order—and apparently channeling Herman Melville's character Bartleby, who, one day and out of the blue, simply decided to answer all requests with "I prefer not to"—Defendants chose to ignore the Court's Order. Instead, Defendants filed a variety of motions and notices seeking interlocutory appeal and mandamus—[Docket Nos. 85-87]—and apparently deemed those filings somehow sufficient

---

[3] Under Local Bankruptcy Rule 7056-1(g), except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the Presiding Judge, file supplemental pleadings, briefs, authorities, or evidence.

[4] *See* Fn. 3.

to grant themselves an interim discovery stay. They also moved for a longer-term stay of the discovery order. [Docket No. 88].

      6.      <u>Hearing number 3</u>.

On June 23, 2011, the Court heard arguments on Defendants' motion to stay. The Court denied the motion from the bench.

**C.     The Latest Round of Stonewalling and Warm-up for Hearing Number 4.**

      1.      <u>Templeton has not lifted the discovery stay he granted himself</u>.

          a.    *Templeton has extended his prior stay of his deposition and is likely granting himself a possible abridgement.*

Templeton has told the Trustee that he will not produce any deposition dates for himself—let alone appear at a deposition—until the Trustee overcomes every one of the following obstacles:

- The Trustee must first provide to Templeton the Trustee's own deposition;

- The Trustee must first provide to the Templeton depositions of certain unidentified "authorized representatives of the Liquidating Trusts;" ***and***

- The Trustee must supplement and otherwise provide Templeton with written discovery responses and documents sufficient to make Templeton comfortable that he is not owed any discovery.

[Exhibit G.] This is absurd. After appearing at three separate hearings, and after the Court has made clear it perfectly that Templeton must provide the Trustee with deposition dates, Templeton should not be permitted to delay further. If Templeton truly has an issue with discovery response from the Trustee, Templeton may certainly bring that to the attention to the Court—but he cannot refuse to provide the discovery that this Court has already—and on multiple occasions—ordered be provided.

Furthermore, Templeton is strongly hinting that—if his deposition ever ***does*** go forward—that the deposition be abridged, since, according to Templeton, he has already been deposed on these same tax issues for two days (by another party prior to the appointment of the Trustee). This argument is particularly interesting, since Templeton previously refused to produce tax returns and to sit for a deposition on the grounds that this information was very confidential

        b.    *Templeton apparently has granted himself a motion to revive the expired expert deadline, swapped out experts, and now refuses to provide either of his tax experts for depositions.*

As stated above, the Defendants previously designated a tax expert, Eric Nemeth. [Exhibit D.] The deadline to designate other experts has long since passed, since that deadlines expired in April. [Exhibit B.] In response to the Trustee's request to take Mr. Nemeth's deposition, Defendants refused, contending that they are now swapping out their tax expert (similar to Miller swapping out attorneys—discussed further below). [Exhibit G]. Of course, Defendants cannot simply grant themselves leave to reset expired deadlines—like the April 29 deadline to designate experts—especially when doing so might jeopardize a trial setting only a few weeks away. Furthermore, Templeton is refusing to produce his tax expert (whomever that will be) for deposition until the Trustee satisfies Templeton's desires for discovery first.

        c.    *Templeton has extended his stay on his document production.*

On June 24, 2011, the Trustee asked Defendants when they will be producing tax returns and other tax-related documents. The responses were predictably evasive.

Templeton stated that he would expect to have the tax returns (and other tax-related documents) ready to produce by July 15, 2011. [Exhibit G.] This is silly. If, as Templeton argued at the last hearing, he has been so diligently battling with the IRS at such a great expense

to Templeton, why must it take until July 15 to produce the returns? Doesn't he have the returns handy?

Templeton also noted that he will not produce the documents absent an "acceptable confidentiality agreement." [Exhibit G]. This is even sillier. Way back in November 2010, the court entered an ***agreed*** confidentiality order [Docket No. 29]. Is Templeton claiming that until he accepts a new confidentiality order, he is not under order to produce the tax returns?

2. <u>Templeton has granted himself a trial continuance</u>

On June 8, 2011, the Court issued an Order resetting the trial until September 14, 2011 and ordering the parties to submit a second amended scheduling order "that conforms to the new trial setting." [Docket No. 81.] The Trustee proposed to Defendants such a schedule. [Exhibit H.] Defendants, however, refuse to consider the schedule—claiming that, in order to accommodate a purported Templeton conflict, this Court—apparently without even requiring a motion—would "probably" continue the trial until October 17 anyway. [Exhibit I.] In short, the Defendants are not complying with the Court's instruction to propose a schedule that conforms to the September 14 setting and are apparently granting themselves a continuance. Accordingly, contemporaneous with this filing, the Trustee submits its own proposed scheduling order that conforms to the September 14, 2011 trial date.

3. <u>Templeton and Miller have granted themselves counsel-substitutions</u>.

The Lovell firm has represented Miller since at least August of 2010. In fact, Miller is apparently part of the soft-money group that Terrill Horton told the Court was subsidizing his trial. Indeed, the Lovell firm represented Miller during each of the last three hearing regarding these very same discovery disputes. Now, in an apparent attempt to delay both discovery and trial itself, the Lovell firm has suddenly announced (albeit not by formal motion) that Miller has

changed counsel, and therefore, the Lovell firm cannot respond to any pre-trial matters for Miller. [Exhibit G.] This, too, is preposterous and smacks of bad faith and last-minute litigation tactics.

## III.
## REQUESTED RELIEF.

The Trustee asks that the Court order the following:

1. The Defendants, without caveat or contingency except the designation of "CONFIDENTIAL," shall produce their tax returns and tax-related documents by a date certain.

2. The Defendants shall provide deposition dates for Templeton and Miller by a date certain and for those depositions to occur in July 2011.

3. The Defendants shall provide a deposition date for their previously-designated tax expert (or alternatively, withdraw his designation) and for his deposition date to occur in July 2011.

4. In anticipation of Defendants' refusals to answer fully and cooperatively at depositions, the Trustee may bring to the Court deposition disputes by phone in order for the Trustee to obtain the simple discovery he is entitled to under the applicable rule.

5. The Court shall enter the Trustee's proposed scheduling order that conforms to the September 14, 2011 trial date.

6. The Trustee shall receive any and all further relief the Court deems appropriate.

Dated: June 29, 2011

Respectfully submitted,

Max R. Tarbox (TX 19639950)
max@tarboxlaw.com
TARBOX LAW, P.C.
2301 Broadway,
Lubbock, Texas 79401
Phone: (806) 686-4448
Fax:    (806) 368-9785

and

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
smccartin@gardere.com
Barry M. Golden (TX 24002149)
bgolden@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER O'CHESKEY, TRUSTEE OF THE AHF LIQUIDATING TRUST**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that Barry Golden has conferred with counsel for Robert Templeton concerning the relief requested in this Motion and no agreement has been reached concerning the relief requested at this time. Accordingly, counsel believes it necessary to present this Motion to the Court at this time.

/s/ Barry M. Golden
Barry M. Golden

## CERTIFICATE OF SERVICE

This is to certify that, according to this Court's ECF System, a true and correct copy of the foregoing was served electronically on those parties registered to receive such service on June 29, 2011.

/s/ Stephen A. McCartin
Stephen A. McCartin