

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 19, 2013**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | Case No. 09-20232-RLJ-11 |
| | § | |
| Debtor. | § | |
| WALTER O'CHESKEY, Chapter 11 Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 10-02016 |
| | § | |
| ROBERT L. TEMPLETON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Robert L. Templeton ("Templeton"), defendant and appellant, has filed his motion requesting that this Court, the bankruptcy court, certify the final order issued in this action for direct appeal to the Fifth Circuit Court of Appeals (the "Motion") [Docket No. 348]. Walter O'Cheskey, liquidating trustee of the AHF Liquidating Trust and plaintiff on this adversary

proceeding (the "Trustee"), opposes the Motion; the American Housing Foundation Trust Oversight Committee (the "Committee"), as a party in interest, filed its comment in support of Templeton's Motion. The Motion was set on the Court's docket of July 11, 2013, at which time the Court advised the parties that it would consider the Motion on the pleadings.

The appropriate court of appeals—here the Fifth Circuit Court of Appeals—may authorize a direct appeal from a final order of the bankruptcy court if the bankruptcy court, prior to docketing of the appeal in the district court, certifies that the order or judgment subject of the appeal involves:

(i) a question of law on which there is no controlling decision;

(ii) a matter of public importance;

(iii) an issue where there are conflicting decisions; or

(iv) a circumstance for which an immediate appeal may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). If any of the four conditions precedent are met, the bankruptcy court *shall* make the certification per § 158(d)(2)(B)(ii).[1]

Templeton argues that a direct appeal would materially advance the progress of the American Housing Foundation ("AHF") bankruptcy case and "provide guidance to the Trustee and the various defendants in the remaining clawback adversary proceedings." Motion at 2. (As the parties are aware, many adversary proceedings are pending before the Court, arising out of the AHF bankruptcy case.) As for this proceeding specifically, Templeton submits that a direct

---

[1] Rule 8001(f) of the Federal Rules of Bankruptcy Procedure governs the procedure and directs that the bankruptcy court, as opposed to the district court, makes the certification if the matter is still pending in the bankruptcy court. A matter is pending in the bankruptcy court until the appeal is docketed in accordance with Rule 8007(b). Such rule provides that an appeal is formally docketed with the district court upon the clerk of the district court's receipt and docketing of the record on appeal.

appeal would eliminate the "9 to 12 months that would be required for this appeal to progress through the District Court . . . ." *Id.* Templeton also argues that the Court's decision and resulting judgment involve a question of law requiring resolution of conflicting decisions. On this point, he raises the Court's decision in *O'Cheskey v. Horton* [Adversary No. 10-02018], which is presently on appeal in the Fifth Circuit, and the issue there concerning the alleged liability of AHF to Horton—and presumably other investors, including Templeton—arising from AHF's fiduciary duty as general partner of the limited partnerships in which the investors have participated.

The Committee favors a direct appeal, as well, because it would bypass the District Court and thus reduce the costs associated with the appeal and expedite a resolution of this proceeding specifically and the AHF bankruptcy case generally.

As stated, the Trustee disagrees, submitting that there is no indication that other defendants in other actions will settle with the Trustee based upon a potential ruling from the Fifth Circuit. The Trustee also submits that, contrary to Templeton's argument, there simply is no conflict in the law concerning the status of AHF's potential liability as a general partner of the limited partnerships in which investors have participated.

The Court finds no basis for a direct appeal. First, the Court does not consider a "certain appeal to the Fifth Circuit" by Templeton upon an affirmance by the District Court as a good reason to certify the appeal. The Court will not speculate on the outcome of the appeal in the District Court and will not assume that an appeal to the Fifth Circuit is a foregone conclusion. In addition, bypassing the district court expedites an appeal in any action, assuming, again, an appeal to the circuit court is a foregone conclusion. The "threat" of a certain appeal to the circuit

court can be raised on any appeal. This is insufficient, in the Court's view, to justify a certification of direct appeal to the Fifth Circuit. Next, the Court does not agree that a direct appeal is needed to advance the progress of the AHF bankruptcy case. A conclusion that it would so advance the progress of the case is pure speculation.

The Court has already devoted an enormous amount of time to the various adversary proceedings filed with the Court in connection with the AHF bankruptcy case. While the parties—the Trustee on one side and the many adverse defendants on the other—have at times stated that they look to the Court's direction from, first, the Horton suit, and then the Templeton suit, the Court is satisfied that any benefit derived from the resolution of such actions, at least through the bankruptcy court, has already been achieved. The Court is skeptical that an abeyance of other proceedings pending a direct appeal of this matter—which is being requested by separate motions in many of the other adversary proceedings—will materially advance the progress of the AHF bankruptcy case. Besides, the history of the litigation before this Court reveals that each of the various adversary proceedings involves conceptually different disputes, with unique factual allegations and analysis.

As for the legal issue concerning AHF's liability as a fiduciary, the Court simply notes that its decision in this proceeding does not address this issue. The Court determined, as a threshold matter, that Templeton made an investment in AHF and that all claims arising from such investment must be subordinated under § 510(b) of the Bankruptcy Code.

It is, therefore,

ORDERED that the Court denies certification of this adversary proceeding for direct appeal to the Fifth Circuit.

### End of Memorandum Opinion and Order ###